UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PERCIVAL LARONE WILLIAMS,

    Plaintiff,

v.                                        Case No. 1:23cv16-AW-HTC

STATE OF FLORIDA, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Percival Larone Williams, a pretrial detainee proceeding *pro se* and *in forma pauperis*, files this action for "false imprisonment," "based on case number 01-2022-CF1194-A … which is pending, and granted to proceed."[1]  ECF Doc. 1 at

---

[1] Plaintiff also references two other cases he filed with this Court stemming from his arrest in 2022-CF-1194-A for a domestic violence incident, both of which were dismissed for failure to disclose his litigation history. *See Williams v. Daniels, et al.*, No. 1:22-cv-00332-AW-MAF, at ECF Doc. 1 (N.D. Fla. Dec. 5, 2022) (dismissed on February 9, 2023); *Williams v. Taylor*, No. 1:22-cv-00337-AW-HTC, at ECF Doc. 1 (N.D. Fla. Dec. 12, 2022) (dismissed on January 30, 2023).  Here, Plaintiff also did not truthfully disclose his litigation on the original complaint, but subsequently filed two "notices" to correct the deficiency.  ECF Docs. 5 & 6.  Although a plaintiff cannot fix a failure to disclose issue by filing an amended complaint, the undersigned will accept the notices, rather than recommend the case for dismissal, since they were filed before the Court recommended *this* case for dismissal based on a failure to disclose.  Also, the Court notes that

5. Plaintiff claims the State has not spoken with the witness "as of today," even though the complaint in his criminal case was made on April 22, 2022. *Id.* He seeks damages in the amount of $250,000. ECF Doc. 1. Upon review, the undersigned recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Defendants Plaintiff seeks to sue are immune from liability.

## I. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, the Court must dismiss Plaintiff's complaint if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v.*

---

Plaintiff is a 3-striker, as this Court also dismissed *Williams v. Pena*, 1:21-cv-161-AW-GRJ (dismissed on December 30, 2021, under § 1915A). However, because the *Daniels* case had not been dismissed at the time he filed this action, it does not count as Plaintiff's third strike under § 1915(g) for purposes of this case. However, Plaintiff is a 3-striker (and this dismissal will be Plaintiff's fourth strike), which means Plaintiff cannot proceed *in forma pauperis* as a prisoner without a showing of imminent harm. *See* 28 U.S.C. § 1915(g).

*Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II. DISCUSSION

Plaintiff identifies two defendants in the case style: the State of Florida and Assistant State Attorney Deborah E. Rothenberg, one of the prosecutors in his criminal case. ECF Doc. 1 at 1. In the "Parties" section of the complaint, Plaintiff identifies the State of Florida as the "State's Prosecutor" employed at the "State Attorney's Office." *Id.* at 2. Plaintiff sues both Defendants in their official capacity. *Id.* at 2–3. Regardless of whether Plaintiff is seeking to sue the State of Florida or the State Prosecutor, all Defendants are immune from liability in their official *and* individual capacities.[2]

First, a suit against the State Prosecutor and the Assistant State Attorney in their *official* capacities is the equivalent of a suit against the State of Florida, the attorneys' employer. *See Farred v. Hicks*, 915 F.2d 1530 (11th Cir. 1990). Absent

---

[2] Even if Plaintiff intends to sue the State Attorney's Office, rather than the prosecutor, a suit against an agency of the State is nonetheless a suit against the State, and thus, Eleventh Amendment immunity would still apply. *See Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331–32 (N.D. Fla. 1996).

Case No. 1:23cv16-AW-HTC

waiver, however, the Eleventh Amendment is an absolute bar to actions for monetary damages by an individual against a state or its agencies. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The State of Florida has not waived immunity and Congress has not expressly abrogated state immunity in section 1983 cases of this type. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in Section 1983 damage suits, . . . [and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). Therefore, regardless of whether Plaintiff is seeking to sue the State Prosecutor or the State of Florida, Plaintiff's official capacity claims are barred by the Eleventh Amendment.

Additionally, even if Plaintiff were to amend the complaint to sue the State Prosecutor and the Assistant State Attorney in their *individual* capacities, such claims would nonetheless be barred. It is well established that a prosecutor enjoys "absolute immunity from . . . 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Absolute immunity applies to a prosecutor's actions undertaken as an advocate for the State. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Such actions include initiating and presenting the State's case in a judicial proceeding. *Buckley*

*v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). Indeed, in *Williams v. Pena*, 1:21-cv-161-AW-GRJ, Plaintiff sued the judge, an unnamed assistant state attorney, and his public defender for false imprisonment and unlawful prosecution arising out of a misdemeanor action. The Court dismissed the action because the judge and the prosecutor are immune from liability and Plaintiff failed to state a claim against the public defender. *Id.* at ECF Doc. 11 (Report and Recommendation).

Here, despite the minimal facts alleged in Plaintiff's complaint, it is clear Plaintiff is suing the Defendants for their conduct, or lack thereof, in his criminal case. As stated above, Plaintiff takes issue with the "State" having failed to take witness statements. He also claims he was falsely imprisoned based on the criminal case. Thus, the prosecutors are immune from liability.

Finally, since initiating this action, Plaintiff has filed several documents with the clerk, some of which the clerk docketed as motions, and all of which should have been returned as deficient. First, the clerk docketed ECF Doc. 7 as a motion to appoint counsel. That filing is an improper letter addressed to the clerk, which seeks to have the clerk make a request for counsel in all of Plaintiff's pending cases, including the two that have been dismissed. This Court's Local Rules and the Federal Rules of Civil Procedure specifically state that all requests for relief must be made in the form of a motion and not a letter. Fed. R. Civ. P. 7(b); Loc. R. 7.1(a).

Thus, the document should not have been docketed as a motion; the clerk shall be directed to STRIKE that motion and return it as deficient.

The clerk also docketed ECF Doc. 14 as a motion, but it is nothing more than a prayer for relief – the same relief identified in the complaint. The clerk will be directed to STRIKE that motion and return it as deficient.

Accordingly, it is ORDERED:

1. The clerk shall STRIKE the filings at ECF Doc. 7 and ECF Doc. 14, as neither is a proper motion, and shall return the documents to the Plaintiff with a deficiency letter.

It is further respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of February, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 1:23cv16-AW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.